**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDDIE DILLARD, #254178,

        Plaintiff,

                                  CASE NO. 2:09-CV-10702
v.                                     HONORABLE DENISE PAGE HOOD

NATIONAL UNION FIRE INS. CO., et al.,

        Defendants.
        _____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

Eddie Dillard ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a motion for appointment of counsel. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff challenges the validity of his criminal proceedings and names three state court judges and an insurance company as the defendants in this action. He seeks monetary damages and a declaratory judgment stating that his restraint is unconstitutional. Having reviewed the complaint, the Court now dismisses it as frivolous, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and on the basis of immunity. The Court also denies Plaintiff's request for counsel and concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

In his complaint, Plaintiff alleges that the defendant judges misrepresented themselves as constitutionally sound judges and acted without appropriate authority, thereby challenging the validity of his state criminal proceedings and his continued imprisonment.  As such, he fails to

state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). If Plaintiff were to prevail on the claims arising from his criminal proceedings, the validity of his continued confinement would be called into question. Accordingly, his complaint is barred by *Heck* and must be dismissed.

Additionally, to state a claim under § 1983, a plaintiff must demonstrate that the conduct which caused his alleged injury is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the

deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.* The named insurance company defendant is a private party and not a state actor subject to suit under § 1983. *See, e.g., Britt v. Fox*, 110 Fed. Appx. 627, 628 (6th Cir. 2004); *Naething v. Covington*, 73 Fed. Appx. 825, 826 (6th Cir. 2003); *accord Wagner v. Washington Co.*, 493 F.3d 833, 836 (7th Cir. 2007) ("although the county's insurance company may be obliged to indemnify county officials found liable in a suit under § 1983, the insurer is not an appropriate party to the suit because it is not a state actor, nor did it deprive [the plaintiff] of any constitutional rights while acting under the color of a state statute"). Plaintiff has also failed to allege facts establishing that insurance company deprived him of any constitutional rights while acting under state law. His complaint against the insurance company defendant is therefore frivolous and must be dismissed for this additional reason.

Lastly, the state court judges named as defendants in this action are entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity from suit on Plaintiff's claim for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of authority); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree

was violated or declaratory relief was unavailable"); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. Appx. 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Plaintiff's allegations against the judges who presided over his state criminal proceedings concern their judicial duties. Those defendants are absolutely immune from suit. Accordingly, Plaintiff's complaint against the defendant judges must also be dismissed based upon immunity.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, his claims against the insurance company are frivolous, and the state judges are immune from suit. Accordingly, the Court **DISMISSES** the civil rights complaint **[Docket No. 1, filed Feb. 25, 2009]**. Given this determination, the Court also **DENIES** Plaintiff's motion for appointment of counsel **[Docket No. 6, filed March 27, 2009]**. Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 27, 2009

I hereby certify that a copy of the foregoing document was served upon Eddie Dillard, Reg. No. 254178, Ionia Maximum Correctional Facility, 1576 W. Blueater Hwy., Ionia, MI 48846 and counsel of record on May 27, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager