UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE DILLARD, #254178,

       Plaintiff,

                                  CASE NO. 2:09-CV-10702
v.                              HONORABLE DENISE PAGE HOOD

NATIONAL UNION FIRE INS. CO., et al.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF
FROM JUDGMENT AND TO REOPEN CASE [DKTS. #15, #17, #18]**

       The Court has before it Plaintiff's motions for relief from judgment and to re-open the case concerning the Court's May 27, 2009 dismissal of his *pro se* civil rights complaint, filed pursuant to 42 U.S.C. § 1983, as frivolous, for failure to state a claim upon which relief may be granted, and on the basis of immunity, as well as the Court's August 5, 2009 denial of his motion for relief from judgment and the Court's December 17, 2009 denial of his motion to alter the judgment.

       Plaintiff essentially seeks reconsideration of the Court's rulings denying him relief and dismissing his complaint. However, a motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

       Even if the Court considers Plaintiff's motions under Federal Rule of Civil Procedure

1

60(b), he is not entitled to relief. Under that rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1); *Conner v. Attorney General,* 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Plaintiff is not entitled to relief from judgment pursuant to Rule 60(b) because he did not act within one-year or within a reasonable time in bringing his motion. As noted, the Court dismissed his complaint on May 27, 2009, denied his first motion for relief from judgment on August 5, 2009, and denied his motion to alter the judgment on December 17, 2009. More than

14 months (as to the second motion for relief from judgment) and 18 months (as to the motions to reopen) have passed since the latest of those decisions.  Under the circumstances of this case, where Plaintiff essentially seeks reconsideration and raises the same type of arguments already presented to, and rejected by, this Court, such an extended period is not a reasonable time in which to seek relief from judgment under Rule 60(b).

Plaintiff has not shown that he is entitled to such relief.  The Court properly dismissed his civil rights complaint as frivolous, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and on the basis of immunity.  The arguments raised in his motions do not invalidate those rulings.  Accordingly, the Court **DENIES** Plaintiff's motions.  This case is closed.

**IT IS SO ORDERED.**

s/Denise Page Hood
United States District Judge

Dated:  July 26, 2011

I hereby certify that a copy of the foregoing document was served upon Eddie Dillard #254178, 141 First Street, Coldwater, MI 49036 and counsel of record on July 26, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager