UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE DILLARD, #254178,

       Plaintiff,

v.

       CASE NO. 2:09-CV-10702
       HONORABLE DENISE PAGE HOOD

NATIONAL UNION FIRE INS. CO., et al.,

       Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE [Dkt. # 28]

The Court has before it Plaintiff's "Motion to Reinstate Plaintiff's Original Civil Rights Action and Reopen Judgment for Abuse of Process Claim." The Court dismissed his *pro se* civil rights complaint as frivolous, for failure to state a claim upon which relief may be granted, and on the basis of immunity and concluded that an appeal could not be taken in good faith on May 27, 2009. The Court subsequently denied his motions for relief from judgment, to alter the judgment, and to reopen the case, as well as his petition for prejudgment interest and his application to proceed *in forma pauperis* on appeal. The last of those orders was entered on October 17, 2011. The United States Court of Appeals for the Sixth Circuit denied Plaintiff permission to proceed *in forma pauperis* on appeal on November 5, 2012 finding that any appeal would be frivolous and ordered him to pay the appellate filing fee in full or his appeal would be dismissed for want of prosecution.

Plaintiff again seeks to reinstate his complaint, citing Federal Rule of Civil Procedure 60(b)(6). Under Federal Rule of Civil Procedure 60(b), a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b)(6) must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1); *Conner v. Attorney General,* 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Plaintiff did not act within a reasonable time. The Court dismissed his complaint on May 27, 2009, denied several motions in 2009, and denied his latest motions in 2011. Under the circumstances of this case, where Plaintiff essentially seeks reconsideration and raises the same type of arguments already presented to, and rejected by, this Court, such an extended period is not a reasonable time in which to seek relief from judgment under Rule 60(b)(6).

Moreover, Plaintiff has not shown that he is entitled to such relief. The Court properly dismissed his civil rights complaint as frivolous, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and on the basis of immunity. The arguments raised in

his motion do not invalidate those rulings.[1]  Accordingly, the Court **DENIES** Plaintiff's motion.

This case is closed.  No further pleadings should be submitted in this matter.

    **IT IS SO ORDERED.**


Dated: January 4, 2013                        s/ Denise Page Hood
                                                  DENISE PAGE HOOD
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on January 4, 2013, electronically or by U.S. mail.


                                                  s/ Michael Williams
                                                  Relief Case Manager for the
                                                  Honorable Denise Page Hood

---

[1] The Court also notes that Plaintiff cannot prevail on an abuse of process claim.  To the extent that he did not raise such a legal theory in his initial complaint, he cannot do so now in seeking relief from judgment.  *See, e.g., Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Moreover, the Sixth Circuit has not determined whether an abuse of process claim is a cognizable claim which may be redressed under § 1983.  *See, e.g., Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 676-77 (6th Cir. 2005).  If such a claim is a cognizable federal claim, it would likely track the elements of the state law claim.  Under Michigan law, an abuse of process claim requires a plaintiff to establish:  1) an ulterior purpose and 2) an act that is improper in the regular prosecution of a case.  *See Peiser v. Detroit Free Press*, 68 Mich. App. 360, 242 N.W.2d 775 (1976).  Plaintiff presents no such facts – his claims are purely conclusory. He has thus failed to state a claim for abuse of process.