UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE DILLARD, #254178,

       Plaintiff,

                                    CASE NO. 2:09-CV-10702
v.                                    HON. DENISE PAGE HOOD

NATIONAL UNION FIRE INS. CO., et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S LETTER REQUESTS, HIS SUPPLEMENT, HIS REQUEST FOR ISSUANCE OF A WRIT OF HABEAS CORPUS, & HIS REQUEST FOR REVERSAL AND REMAND [Dkts. ## 35, 36, 37, 38, 39]

The Court has before it Plaintiff's letter request seeking to reopen this case pursuant to Federal Rule of Civil Procedure 60(b), his "Supplementation of Original Petition," his letter request challenging this Court's dismissal of his civil rights complaint, his "Motion for Issuance of Writ of Habeas Corpus for Immediate Discharge from Custody of the Michigan Department of Corrections," and his letter request seeking reversal and remand to state court filed on April 4, 2018, November 19, 2018, February 5, 2019, and March 25, 2019, and April 10, 2019, respectively.

The Court dismissed Plaintiff's *pro se* civil rights complaint as frivolous, for failure to state a claim upon which relief may be granted, and on the basis of

immunity and concluded that an appeal could not be taken in good faith on May 27, 2009. The United States Court of Appeals for the Sixth Circuit denied Plaintiff permission to proceed *in forma pauperis* on appeal on November 5, 2012 finding that any appeal would be frivolous and then dismissed his appeal for want of prosecution on December 20, 2012. This Court has denied Plaintiff's motions for relief from judgment, to alter the judgment, to reopen the case, and for evidentiary hearing, as well as his petition for prejudgment interest and his application to proceed *in forma pauperis* on appeal. The last of those orders was entered on December 19, 2013.

Plaintiff again seeks to reinstate his complaint, citing Federal Rule of Civil Procedure 60(b), and he further seeks release from state custody. Under Federal Rule of Civil Procedure 60(b), a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b)(6) must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1); *Conner v. Attorney General,* 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Plaintiff did not act within a reasonable time. The Court dismissed his complaint on May 27, 2009, denied several motions in 2009, and denied his latest motion in 2013. Under the circumstances of this case, where Plaintiff essentially seeks reconsideration and raises the same type of arguments already presented to, and rejected by, this Court, such an extended period is not a reasonable time in which to seek relief from judgment under Rule 60(b). His requests are therefore untimely and must be denied.

Plaintiff fails to show that he is entitled to post-judgment relief. The Court properly dismissed his civil rights complaint as frivolous, for failure to state a

claim upon which relief may be granted under 42 U.S.C. § 1983, and on the basis of immunity. The arguments raised in his latest requests for relief do not invalidate those rulings. Additionally, Plaintiff may not obtain habeas relief, release from state custody, or a remand to the state courts in his criminal proceedings, in a civil rights action. Accordingly, the Court **DENIES** Plaintiff's requests for relief. [Dkts. ## 35, 36, 37, 38, 39] This case is closed. No further pleadings should be submitted in this case. Further pleadings will be stricken.

    **IT IS SO ORDERED.**


                                            s/Denise Page Hood
                                            DENISE PAGE HOOD
                                            UNITED STATES DISTRICT JUDGE

Dated: May 8, 2019